Deborah J. Broyles  (SBN 167681)
Tiffany Renee Thomas (SBN 239085)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659

Telephone:   (415) 543-8700
Facsimile:   (415) 391-8269

Attorneys for Defendant
Kaiser Foundation Health Plan, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY OTIS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>　　　　　Defendant(s). | Case No. 10-CV-1234 EMC<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER**<br><br>*Hon. Edward M. Chen* |

　　　　Plaintiff SHERRY OTIS and Defendant KAISER FOUNDATION HEALTH PLAN, INC., hereby stipulate as follows:

　　　　WHEREAS, in connection with discovery in this case, the parties have sought and/or anticipate seeking certain documents and/or information that the others contend is private, highly confidential, and/or proprietary;

　　　　WHEREAS, the parties desire to protect the confidentiality of such documents and information consistent with applicable law, to ensure that they can obtain and pursue discovery with a minimum of delay and expense;

　　　　NOW, THEREFORE, the parties hereby stipulate and agree as follows:

　　　　1.　　　　D<small>EFINITIONS</small>  As used in this Protective Order:

   a. The term "Person" includes a natural person, association, organization, partnership, limited liability company, business, trust, corporation, or public entity and any agent of the foregoing.

   b. The term "Material" means the original and any copy (regardless of origin or location) of any written, reported, recorded or graphic matter, however stored, produced or reproduced, including, but not limited to, computer-stored and computer retrievable information; testimony at depositions upon oral examinations or upon written questions; answers to interrogatories; information obtained from the inspection of premises; tangible objects or documents; answers to requests for admission; and anything that is a "writing" under the Federal Rules of Evidence.

   c. The term "Provide" means the production, delivery, or transfer of any Material, voluntarily or involuntarily, regardless of whether it is performed pursuant to a request or subpoena.

   d. The term "Confidential Information" means any information, whether documentary or oral, so designated by any producing Person or party which it reasonably, under standards developed under federal statutory and common law, believes is of the type entitled to protection by law, subject to any party's right to challenge such designation through court intervention, as specified herein.

   e. The term "Action" means the case entitled *SHERRY OTIS vs. KAISER FOUNDATION HEALTH PLAN, INC.*, currently pending in the United States District Court for the Northern District of California, Case No. 10-CV-1234 EMC.

   f. The term "Plaintiff" means Plaintiff Sherry Otis, and any person or entity purporting to act on her behalf.

   g. The term "Defendant" means Defendant Kaiser Foundation Health Plan, Inc. and Defendant's current and former employees, agents, managers, officers, directors, subsidiaries, parent companies, and divisions, and any person or entity purporting to act on their behalf.

2. <u>DESIGNATION/DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

    a. <u>Manner and Timing of Designation</u>. The parties may designate as confidential at the time of production any Materials or information that contains Confidential Information by placing or affixing on each page of such Material the legend "CONFIDENTIAL" or a similar legend. Portions of deposition testimony and transcripts may be designated "CONFIDENTIAL" pursuant to the provisions of Paragraph 3, below.

    b. <u>Permitted Disclosures</u>. Material designated as "CONFIDENTIAL" shall not be used for any purpose other than the prosecution or defense of the Action by the party or parties receiving such Material in discovery. Material designated as "CONFIDENTIAL" shall only be provided, exhibited, or disclosed to the following persons:

    i) Parties to the Action (Plaintiffs and Defendant);

    ii) Outside counsel of record engaged in the prosecution or defense of this litigation for the parties, including the paralegals, legal assistants, stenographic, or clerical employees who assist such counsel;

    iii) In-house counsel of any party engaged in the prosecution or defense of this litigation for the parties including the paralegals, legal assistants, stenographic, or clerical employees and vendors who assist such counsel;

    iv) Outside experts (including without limitation, any translators), consultants, or investigators retained by the parties or their counsel of record in connection with this litigation under the conditions described in Paragraph 5 below;

    v) A former employee of a producing Person or party interviewed (to the extent consistent with applicable case law) under the conditions described in Paragraph 5 below;

    vi) Court reporters, videographers, or other professional vendors engaged for this litigation, and their staff;

    vii) The United States District Courts, Courts of Appeals, and the Supreme Court, and their personnel, or other persons acting on its behalf, including without limitation members of any jury that may serve in proceedings in the Action; and

  c. <u>Restrictions on Use</u>.  Persons to whom Material designated as "CONFIDENTIAL" is to be Provided, exhibited, or disclosed pursuant to this Paragraph 2 must have (a) read this order; (b) agreed to be bound by the terms thereof, (c) agreed to maintain said information in confidence, (d) agreed not to disclose the same except as permitted by this Paragraph 2, and (e) agreed to use said information solely for purposes of the prosecution and defense of this litigation and not for any business, competitive or other purposes whatsoever.  Notwithstanding the foregoing, the United States District Courts, Courts of Appeals, and the Supreme Court, and its personnel, or other persons acting on its behalf, are not subject to the provisions in this Paragraph 2.d.

 3. DEPOSITIONS

  a. The parties may designate any information disclosed during depositions as "CONFIDENTIAL" either on the record at the deposition or within 15 calendar days after completion of the deposition transcript.

  b. Designation of the portion of the transcript (including exhibits) as "CONFIDENTIAL" shall be made as follows:  Upon review of the transcript by counsel for the party to whose information the contents of the deposition relate, that counsel shall designate within 15 calendar days after counsel's receipt of the transcript, by written communication to the other parties, the specific pages and lines to be designated as "CONFIDENTIAL."  If no designation is made within 15 calendar days after receipt of the transcript, the transcript shall be considered not to contain any confidential material.

  c. A person not otherwise authorized to be shown information or documents designated "CONFIDENTIAL" under this Protective Order may be examined as a witness at deposition and may be shown and may testify concerning any such information or documents as follows:

   i) A present employee of a producing Person or party may be examined, may be shown, and may testify concerning any "CONFIDENTIAL" information of that producing Person or party.

     ii) A former employee or consultant of a producing Person or party may be examined, may be shown, may be interviewed, and may testify concerning any "CONFIDENTIAL" information of a producing Person or party that pertains in any way to the subject matter of his/her consultation or employment or to the subject matter of his/her communications with the producing Person or party.

     iii) A non-party who has had any contact or relationship with a party may be examined, may be shown, may be interviewed, and may testify:

      (1) Concerning any Material containing "CONFIDENTIAL" information that appears on its face to have been communicated between the non-party and any party; and

      (2) Concerning any "CONFIDENTIAL" information of a party that documentary or testimonial evidence indicates was communicated between the non-party and the party.

  4. INADVERTENT DISCLOSURE

    a. If a producing Person or party inadvertently fails to stamp or otherwise appropriately designate certain documents or information as "CONFIDENTIAL" upon production or disclosure, the producing Person or any other party may thereafter designate by promptly giving written notice to all parties that the Material is to be so designated. All parties shall then stamp or otherwise mark the designated Material with a "CONFIDENTIAL" or similar legend.

    b. To the extent provided by law, the inadvertent production of any privileged or otherwise protected Materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work-product Materials, or the subject matter thereof. Upon receiving notice from a producing Person or party that Materials have been inadvertently produced, all such Materials (including all copies) shall be returned to the producing Person or party within five (5) business days of receipt of that notice, unless timely application is made to the Court within that period to challenge the claim of privilege.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5.   DISCLOSURE OF CONFIDENTIAL INFORMATION TO EXPERTS, CONSULTANTS, FORMER EMPLOYEES AND INVESTIGATORS.

a.   Before a party discloses Materials designated as "CONFIDENTIAL" to any expert, consultant, former employee or investigator, the expert, consultant or investigator must certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order," attached hereto as Exhibit A. Once the expert, consultant, former employee or investigator has executed the "Agreement to be Bound by Protective Order," it shall not be necessary for that person to sign a separate statement each time he or she is subsequently given access to information or Materials designated as "CONFIDENTIAL." An expert, consultant, former employee or investigator that is shown Material designated as "CONFIDENTIAL" may retain copies of that Material or information subject to the provisions of Paragraph 6 below.

b.   The original, executed "Agreement to be Bound by Protective Order" signed by Persons receiving Materials designated as "CONFIDENTIAL," pursuant to this Paragraph 6 shall be maintained by the attorney of record who obtained the Agreement.

6.   COMPLETION OF LITIGATION

Upon completion of all proceedings in this Action, including the expiration of all rights to judicial review, all Materials produced in discovery that are designated as "CONFIDENTIAL" shall be returned to the producing party or destroyed. If the receiving party elects to destroy instead of returning such Materials, the receiving party shall confirm in writing to the producing party within sixty (60) days after final termination of the Action that the Materials have been destroyed. Each party shall also ensure that all experts retained by the party to whom Materials designated as "CONFIDENTIAL" were disclosed shall return all such Materials to the party retaining such expert or, alternatively, shall confirm in writing that all such Materials have been destroyed. Returning parties are not required to return or destroy any pleadings, discovery requests, documents filed with the Court, hearing transcripts, or attorney work-product. The provisions of this Protective Order restricting the dissemination, exhibition or other use of Materials designated as "CONFIDENTIAL" shall continue to be binding on any person subject to the terms of the Protective Order after conclusion of this Action.

**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER**

7. <u>RIGHT TO SEEK RELIEF FROM THE COURT</u>

Nothing in this Protective Order shall be deemed to limit, prejudice or waive any rights of any party or person: (a) to resist or compel discovery with respect to, or to seek additional or different protection for, Material claimed to be protected by attorney work-product or other applicable privilege, Material as to which the party or person claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial of any evidence, whether or not comprised of Confidential Information governed by this Protective Order; (d) otherwise to require that discovery be conducted according to governing laws and rules; or (e) to oppose production of any information on any ground allowed under the Federal Rules of Civil Procedure, or any other state or federal law, rule or regulation. By signing this Protective Order, a producing party is not deemed to waive any objection to the production of any document. In addition, the election by any party to disclose any portion of its "CONFIDENTIAL" information to others shall not be deemed a waiver of any of the rights established by this Protective Order. The placing of any "CONFIDENTIAL" designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

8. <u>FILING CONFIDENTIAL INFORMATION WITH THE COURT</u>

a. Whenever a party files any document with the Court that contains (a) Materials that have been designated as "CONFIDENTIAL," or (b) Confidential Information of any party, the filing party shall comply with Civil Local Rule 79-5.

b. If the Court denies an Administrative Motion to File Under Seal, the clerk must comply with c Local Rule 79-5 must return the lodged record to the submitting party and must not place it in the case file. The submitting party, at its election, may then re-file its own Materials without a "CONFIDENTIAL" designation or may re-file its papers without the inclusion of the "CONFIDENTIAL" Material at issue.

9.   USE OF "CONFIDENTIAL" MATERIAL IN COURT

Should counsel for any party desire to use "CONFIDENTIAL" Material, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use, make reference to the confidentiality thereof, and counsel for the designating party may at the time of that use request that any portion of the transcript containing that reference to "CONFIDENTIAL" information, and any "CONFIDENTIAL" documents attached as exhibits, be filed under seal with this Court and be accorded treatment as "CONFIDENTIAL" as provided by this Protective Order. Counsel for the parties shall exercise due care not to disclose "CONFIDENTIAL" information needlessly in the public record of any proceedings.

10.   MAINTENANCE OF "CONFIDENTIAL" MATERIAL

A person with custody of Materials designated as "CONFIDENTIAL" shall maintain them in a manner that ensures that access to it is strictly limited to Persons entitled to receive Confidential Information in accordance with this Protective Order.

11.   SUBPOENAS

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of Materials designated in this action as "CONFIDENTIAL," the receiving party must so notify the designating party, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the Materials covered by the subpoena or order are the subject of a Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential Materials – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court.

12. <u>JURISDICTION</u>

Upon conclusion of this litigation, this Court shall retain such jurisdiction with respect to this Protective Order for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders concerning the subject of this Protective Order as may be necessary or appropriate. Counsel for the designating party shall have the opportunity to oppose any request for public inspection of Materials designated as "CONFIDENTIAL."

13. <u>RIGHTS INTACT</u>

Except as described herein, this Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information.

DATED: December 13, 2010              REED SMITH LLP


By /s/ Tiffany Renee Thomas
    Deborah J. Broyles
    Tiffany Renee Thomas
    Attorneys for Defendant Kaiser Foundation Health Plan, Inc.

DATED: December 13, 2010              THE LANIER LAW FIRM, P.C.


By /s/ Carmen M. Aviles
    Christopher D. Banys
    Carmen M. Aviles
    Attorneys for Plaintiff Sherry Otis

**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER**

1 | Based on the parties' stipulation, and good cause appearing, **IT IS SO ORDERED**.

4 | Dated: _____12/16/10_____

Hon. Edward M. Chen
United States

**IT IS SO ORDERED**

Judge Edward M. Chen

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I am about to receive Confidential Information provided in connection with the litigation entitled *SHERRY OTIS vs. KAISER FOUNDATION HEALTH PLAN, INC.*, currently pending in the United States District Court for the Northern District of California, Case No. 10-CV-1234 EMC. I certify my understanding that such Confidential Information is to be provided to me pursuant to the terms and restrictions of the Protective Order in the action and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof. I understand that such Confidential Information and any copies I make of any Material containing Confidential Information or any notes or other records that may be made regarding any such Confidential Information shall not be disclosed to any persons other than those persons to whom such information may be disclosed pursuant to this Protective Order.

Dated: _____    _____
                                                          Signature

# PROOF OF SERVICE

<u>Otis v. Kaiser Foundation Health Plan, Inc.</u>;
USDC Case No. 10-cv-1234 EMC

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, CA 94105-3659. On December 13, 2010, I served the following document(s) by the method indicated below:

**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Carmen M. Aviles<br>Christopher D. Banys<br>THE LANIER LAW FIRM, P.C.<br>2200 Geng Road, Suite 200<br>Palo Alto, CA 94303<br>Telephone: (650) 322-9100<br>Facsimile: (650) 322-9103 | Attorneys for Plaintiff Sherry Otis |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on December 13, 2010, at San Francisco, California.

*Donna Borja*
Donna Borja